IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. TRIDENT SEAFOODS CORPORATION Defendant. | Case No. 11-1616<br>COMPLAINT FOR CIVIL PENALTIES AND INJUNCTIVE RELIEF |

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this complaint and alleges as follows:

## NATURE OF ACTION

1. This is a civil action brought pursuant to Section 309 of the Clean Water Act ("CWA"), 33 U.S.C. § 1319, against Defendant Trident Seafoods Corporation ("Trident" or "Defendant"). The United States seeks injunctive relief and civil penalties against Trident for violations of Section 301(a) of the CWA, 33 U.S.C. § 1311(a), and violations of the permit conditions and limitations of the National Pollutant Discharge Elimination System ("NPDES") permits issued to Trident by the EPA under Section 402(a) of the CWA, 33 U.S.C. § 1342(a). Trident has violated the CWA more than 480 times at fourteen of its facilities ("Facilities"). Trident has continued to violate the CWA and its NPDES permits even though the United States and EPA previously have taken four judicial and two administrative enforcement actions against

Trident.

## PARTIES

2. Plaintiff is the United States of America. Authority to bring this action is vested in the Attorney General of the United States by 28 U.S.C. §§ 516 and 519 and 33 U.S.C. § 1366.

3. Defendant is Trident Seafoods Corporation, a privately held corporation duly organized under the laws of the State of Washington, which owns and operates at least twenty fish processing facilities in Alaska and the Pacific Northwest.

4. Defendant is a "person" within the meaning of Section 502(5) of the Clean Water Act, 33. U.S.C. § 1362(5).

5. At all relevant times, Defendant owned and operated the Facilities. At all relevant times, Defendant maintained full control over the operational decisions at the Facilities, including, but not limited to, the discharges of pollutants from the Facilities.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345, because this is a civil action commenced by the United States that arises under the laws of the United States, and pursuant to 28 U.S.C. § 1355, because this is an action in part for the recovery of a penalty incurred under an act of Congress.

7. Venue is proper in this judicial district pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), because the Defendant is located and is doing business in this judicial district.

8. Notice of the commencement of this action has been given to the State of Alaska pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## STATUTORY AND REGULATORY BACKGROUND

9. The Clean Water Act is designed to restore and maintain the chemical, physical, and biological integrity of the nation's waters. CWA § 101, 33 U.S.C. § 1251(a).

10. To accomplish this goal, Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant by any person into waters of the United States except as authorized by, and in compliance with, certain enumerated Sections of the CWA, including Section 402 of the CWA, 33, U.S.C. § 1342.

11. Section 502(12) of the CWA, 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

12. Section 502(6) of the CWA, 33 U.S.C. § 1362(6), defines "pollutant" to include a wide variety of chemical and biological wastes and materials.

13. Section 502(7) of the CWA, 33 U.S.C. § 1362(7), defines "navigable waters" to mean "the waters of the United States, including the territorial seas."

14. Section 502(14) of the CWA, 33 U.S.C. § 1362(14), defines "point source" to mean "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch ... [or] conduit ... from which pollutants are or may be discharged."

15. Pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, the Administrator of the EPA ("Administrator") may issue National Pollutant Discharge Elimination System ("NPDES") permits, which authorize the discharge of pollutants into waters of the United States. Section 402 of the CWA, 33 U.S.C. § 1342, directs the Administrator to impose conditions for NPDES permits, including conditions on data and information collection, reporting, and such other

requirements as the Administrator deems appropriate. A discharge that is not authorized by a permit is an unauthorized discharge under Section 301 of the CWA, 33 U.S.C. § 1311.

16. Section 309(d) of the CWA, 33 U.S.C. § 1319(d), subjects any person who violates, *inter alia*, Section 301 of the CWA, or "any permit condition or limitation" implementing Section 301 of the CWA in a permit issued under Section 402 of the CWA, to civil penalties. Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), the Debt Collection Improvement Act of 1996, 28 U.S.C.A. § 2461 note, and 40 C.F.R. Part 19, civil penalties may be assessed in an amount not to exceed $32,500 per day per violation for each such violation that occurred after March 15, 2004 but before January 12, 2009, and $37,500 per day for each violation occurring after January 12, 2009.

17. Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes the EPA to commence a civil action for appropriate relief, including a permanent or temporary injunction, for any violation for which a compliance order under Section 309(a) is also possible. Section 309(a)(3) authorizes EPA to issue compliance orders whenever it finds that any person has violated Section 301 of the CWA or any condition or limitation in a permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

## FACTUAL ALLEGATIONS

18. Defendant Trident is a seafood processing and marketing company that owns and operates at least twenty seafood processing facilities, including shorebased facilities and vessels, in Alaska or off the coast of Alaska.

19. Fourteen of Trident's facilities have operated in violation of the CWA, 33 U.S.C. § 1251 *et seq.*, and the NPDES permits applicable to those facilities under Section 402 of the

CWA, 33 U.S.C. § 1342, in the last five years.

20. Pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, the EPA issued individual and/or general NPDES permits to Trident authorizing the discharge of pollutants from the Facilities into waters of the Unites States subject to certain limitations and conditions. Each of the Facilities is subject to either a general or individual permit, and one Facility is subject to two general permits.

21. As part of the operation of the Facilities, Trident generates seafood processing wastes, which are "pollutants" within the meaning of Sections 502(6) and (12) of the CWA, 33 U.S.C. §§ 1362(6) and (12).

22. Trident has discharged pollutants from stationary facilities, mobile processing vessels, and associated outfalls, which are "point sources" within the meaning of Section 502(14) of the CWA, 33 U.S.C. § 1362(14).

23. Trident's violations of the NPDES permit conditions and limitations resulted in unauthorized discharges of pollutants into various Alaska waters, which constitute "navigable waters" and "waters of the United States" within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362(7).

**Violations of the CWA at Trident's Alaska Facilities**

24. Trident has violated the Clean Water Act more than 480 times at the Facilities in the last five years. Some of the violations involve the illegal discharge of millions of pounds of seafood waste into protected waters and wildlife refuges. Other violations involve the failure to monitor the impacts of its discharges or to properly and accurately sample or report its discharges. Violations at each Facility are summarized in the following paragraphs.

25. Trident's Naknek Facility, is a shorebased facility that produces canned and frozen salmon and herring. The Facility is authorized to discharge seafood processing waste into waters of the United States by a general NPDES permit titled "Seafood Processors in Alaska" ("Seafood General Permit") (Permit No. AKG520003), and discharges approximately 30 million pounds of seafood processing waste between June and August each year. Violations at this Facility are: submittal of incomplete and inaccurate Notices of Intent (NOIs); discharge of fish waste greater than ½ inch; failure to route fish waste properly through its waste conveyance system; failure to conduct thorough and accurate monitoring; failure to implement a Best Management Plan (BMP); and failure to provide an accurate annual report.

26. Trident's M/V Bountiful Facility is a 165 foot long vessel that processes cod and crab, and is authorized to discharge seafood processing waste into waters of the United States by the Seafood General Permit (Permit No. AKG520045). Violations at this Facility are: unauthorized discharges; failure to provide accurate information regarding its discharge; and failure to submit required notices of noncompliance.

27. Trident's M/V Alaska Packer Facility is a 338 foot long vessel that processes herring and salmon, and is authorized to discharge seafood processing waste into waters of the United States by the Seafood General Permit (Permit No. AKG520052). Violations at this Facility are: failure to monitor impacts of its discharge on the seafloor; unauthorized discharges into water bodies with depths less than 60 feet; failure to keep accurate information regarding volumes and locations of its discharges; and failure to submit timely or complete annual reports.

28. Trident's M/V Arctic Enterprise Facility is a 338 foot long vessel that processes pollock, cod, salmon, and yellow fin sole, and is authorized to discharge seafood processing

waste into waters of the United States by the Seafood General Permit (Permit No. AKG520075). Violations at this Facility are: unauthorized discharge of over five million pounds of seafood wastes into Prince William Sound; unauthorized discharge of seafood waste within one nautical mile of shore; failure to conduct dive surveys to measure impacts to the seafloor; failure to submit an updated Best Management Practices ("BMP") plan; and failure to submit an accurate annual report.

29. Trident's M/V Pribilof Facility is a 222 foot long vessel that processes herring and salmon, and is authorized to discharge seafood processing waste into waters of the United States by the Seafood General Permit (Permit No. AKG520096). Violations at this Facility are: unauthorized discharges into receiving water that is shallower than 60 feet; unauthorized discharges within one nautical mile from shore; unauthorized discharges into an environmentally critical wildlife refuge; failure to conduct dive surveys; and failure to submit complete or accurate annual reports.

30. Trident's M/V Independence Facility is a 356 foot long vessel that processes cod, crab, and salmon, and is authorized to discharge seafood processing waste into waters of the United States by the Seafood General Permit (Permit No. AKG520100). Violations at this Facility are: unauthorized discharges within three nautical miles of the Pribilof Islands; unauthorized discharges of millions of pounds of seafood process waste; failure to adequately identify nature of discharge and receiving waters; and failure to monitor impacts to the seafloor.

31. Trident's M/V Independence Facility, the same vessel discussed above, was also authorized to discharge seafood processing waste around the Pribilof Islands by a general NPDES permit that expired ("Expired Pribilof Permit") (Permit No. AKG527710). Violations

associated with the Expired Pribilof Permit are: discharging without a permit (i.e., continued discharges post-expiration); failure to comply with sampling regulations; failure to submit monthly reports; and exceeding holding times.

32. Trident's Seattle Enterprise Facility is a 270 foot long factory trawler that processes pollock, hake, and cod, and is authorized to discharge seafood processing waste into waters of the United States by the Seafood General Permit (Permit No. AKG520241). Violations at this Facility are: unauthorized discharges of 60 million pounds of seafood wastes; failure to provide locations of the discharges in annual reports; and failure to develop, implement, and update its BMP.

33. Trident's Aleutian Falcon Facility is a 206 foot long vessel that processes crab, herring, and salmon, and is authorized to discharge seafood processing waste into waters of the United States by the Seafood General Permit (Permit No. AKG520253). Violations at this Facility are: unauthorized discharges within one nautical mile of shore; unauthorized discharges within one mile of the Togiak National Wildlife Refuge; unauthorized discharges within one mile of the Yukon River National Wildlife Refuge; and failure to monitor impacts to the seafloor.

34. Trident's Sand Point Facility is located on Popof Island in the Shumagin Islands. The Facility processes cod, black cod, halibut pollock, salmon, and other assorted bottom fish, and is authorized to discharge seafood processing waste into waters of the United States by an individual NPDES permit (Permit No. AK0052787). Violations at this Facility are: failure to conduct shoreline monitoring on a daily basis; failure to describe visual monitoring; failure to implement required BMPs; and failure to include pH monitoring in its annual report.

35. Trident's Akutan Facility is the largest seafood production facility in North America, processing more than 200 million pounds of seafood annually. The Facility was authorized to discharge seafood processing waste into waters of the United States by an individual permit (Permit No. AK0037303). This permit expired on March 31, 2008, and Trident did not apply to extend coverage under this permit. Thus, this Facility has been discharging without a permit since April 1, 2008. Additional violations associated with this Facility are: failure to submit an annual report; failure to collect pH, chlorine, flow, temperature, BOD, and total suspended solids samples; and failure to monitor impacts to the seafloor.

36. Trident's St. Paul Facility is the largest crab production facility in the world. The Facility is authorized to discharge seafood processing waste into waters of the United States under the Pribilof Permit (Permit No. AKG527702). Violations at this Facility are: unauthorized discharges; failure to conduct a sediment chemistry study, effluent sampling, biological monitoring, waste handling monitoring, and sea surface and shoreline monitoring; failure to report number of pounds of raw product and number of pounds of finished product; and failure to respond to a CWA 308 Request for Information.

37. Trident's Kodiak Facility is a shorebased facility producing fresh and frozen seafood, for which a portion of the processing activity takes place on a permanently moored vessel. The Facility is authorized to discharge seafood processing waste into waters of the United States by a NPDES permit titled "Seafood Processors Operating Shorebased Facilities in Kodiak, Alaska" ("Kodiak Permit") (Permit No. AKG528833). Violations at this Facility are: failure to submit timely Discharge Monitoring Reports (DMRs); exceedances of effluent limits for total suspended solids, oil and grease, and BOD; failure to follow required sampling

procedures; failure to develop and implement a quality assurance/quality control ("QA/QC") plan; failure to implement BMPs; and failure to conduct shoreline monitoring.

38. Trident's Ketchikan Facility is a shore-based facility producing canned salmon and roe. The Facility is authorized to discharge seafood processing wastes into waters of the United States by the Seafood General Permit (Permit No. AKG520002). Violations at this Facility are: amassing a zone of deposit (i.e., a seafloor wastepile) almost two acres in extent, nearly twice the size authorized by the permit.

39. Trident's Cordova Facility is a shore-based facility producing headed and gutted pollock, halibut, black cod, gray cod, and salmon; ground pollock and salmon; canned, minced, and filleted salmon; and whole and sectioned crab. The Facility is authorized to discharge seafood processing wastes into waters of the United States by the Seafood General Permit (Permit No. AKG520493). Trident's violations at this Facility are: waste discharges exceeding its permit limits; zone of deposit exceeding one acre; failure to conduct required inspections; failing to keep required logs; and maintaining an incomplete and inadequate BMP plan.

**FIRST CLAIM FOR RELIEF**

(Claim for Injunctive Relief Under Section 309(b) of the Clean Water Act)

40. Paragraphs 1 - 39, above, each are re-alleged and incorporated herein by reference.

41. Each of the alleged violations described above constitutes a violation of the applicable NPDES permit or constitutes a discharge without a permit, all in violation of Sections 301 and 402 of the CWA, 33 U.S.C. §§ 1311 and 1342.

42. Trident has a long and significant history of CWA violations, and has, to date,

ignored regulatory enforcement efforts.

43. Between 2004 and 2006, EPA took four administrative penalty actions against Trident for CWA violations similar to those alleged herein.

44. Unless enjoined, Trident's violations will continue.

45. Pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), the United States is entitled to injunctive relief against Trident restraining Trident's further violations of, and requiring Trident's compliance with, its NPDES permits and the CWA.

**SECOND CLAIM FOR RELIEF**

**(Claim for Civil Penalties under Section 309(d) of the Clean Water Act)**

46. Paragraphs 1 through 45, above, are re-alleged and incorporated herein by reference.

47. Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), and the Federal Civil Penalties Inflation Adjustment Act, as amended, 28 U.S.C. § 2461, and 40 C.F.R. Part 19, Trident is liable for a civil penalty not to exceed $32,500 per day for each violation of the CWA that occurred after March 15, 2004 but before January 12, 2009, and $37,500 per day for each violation that occurred after January 12, 2009.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, the United States of America, requests that the Court:

a. Permanently enjoin Trident from discharging pollutants into waters of the United States, except as authorized by the Clean Water Act and the limitations and conditions of Defendant's applicable NPDES permits.

b. Order Trident to take all necessary steps to comply with the Clean Water Act and

the limitations and conditions of the applicable NPDES permits.

c. Order Trident to pay to the United States a civil penalty not to exceed $32,500 per day for each violation of its NPDES permits that occurred between March 15, 2004, and January 12, 2009, and $37,500 per day for each violation of its NPDES permits that occurred after January 12, 2009.

d. Grant the United States such further relief as the Court may deem appropriate.

Respectfully submitted,

Date: 9/26/11

**IGNACIA S. MORENO**
**Assistant Attorney General**
**Environment and Natural Resources Division**

Date: 9/27/11

**FREDERICK S. PHILLIPS, Attorney**
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0439
frederick.phillips@usdoj.gov